IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

4WALL LAS VEGAS, INC.,

    Plaintiff,                             No. 2:12-cv-2746-KJN

    vs.

MARK TRIEBWASSER, dba STAGE 1, INC., et al.,

    Defendants.                        ORDER

        Presently pending before the court is plaintiff 4Wall Las Vegas, Inc.'s motion for an order to show cause why an order of contempt should not be issued against defendants Mark Triebwasser and Stage 1, Inc. (Dkt. No. 37.)[1] Plaintiff also filed an ex parte application for the motion to be heard on shortened time. (Dkt. No. 39.) For the reasons discussed below, the court denies plaintiff's motion without prejudice.

        On March 8, 2013, the court granted plaintiff's application for a writ of possession under California Civil Procedure Code section 512.010. (Dkt. No. 33.) Among other specific provisions, the court's order stated:

---

[1] All parties consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c) (dkt. nos. 8, 25, 26), and the action was referred to the undersigned for all further proceedings and entry of final judgment. (Dkt. No. 27.)

1

> The Clerk of Court shall immediately issue a writ of possession directing the Sheriff of Sacramento County, California (or any other sheriff or marshal within whose jurisdiction the property is located), as the levying officer, to levy on and seize the Equipment (which includes various items of entertainment lighting equipment), described in particularity in Exhibit 1 to plaintiff's application for writ of possession (see dkt. no. 12 at 7-10), pursuant to California Civil Procedure Code section 514.010. The levying officer shall retain the Equipment in custody until released or sold pursuant to California Civil Procedure Code section 514.030. The levying officer shall further comply with all applicable requirements of California Civil Procedure Code sections 514.010-514.050. Notwithstanding the foregoing, levy of the writ of possession shall be stayed for a period of seven (7) calendar days from the date of filing of this order, to allow defendants to either provide the required undertaking, specified below, or turn over the Equipment to plaintiff without the assistance of a levying officer. Upon expiration of the seven-day period, the writ of possession may be levied or executed without further delay.

(Dkt. No. 33 at 14.) The court's order also stated that defendants "may prevent levy of the writ of possession, or obtain redelivery of the Equipment after levy of the writ of possession, if they file an undertaking pursuant to California Civil Procedure Code section 515.020 in the amount of $54,691.50." (Id. at 15.) The court's order also included a contempt provision, stating that "[p]ursuant to California Civil Procedure Code section 512.070, defendants are further directed to transfer possession of the Equipment to plaintiff. *Defendants are cautioned that failure to turn over possession of the Equipment to plaintiff may subject defendants to being held in contempt of court.*" (Id.)

Although the above-mentioned order was issued on March 8, 2013, plaintiff only filed a proposed writ with the court on April 3, 2013, which was issued that same day. (Dkt. Nos. 35, 36.) Plaintiff's instant motion was filed the next day on April 4, 2013. (Dkt. No. 37.)

Plaintiff's motion outlines negotiations by the parties for a voluntary return of the Equipment at issue after the court's order was issued, which ultimately proved unsuccessful. Plaintiff now seeks criminal and civil contempt sanctions against defendants based on their failure to voluntarily turn over the Equipment pursuant to the court's order.

However, plaintiff essentially concedes that it has not yet made efforts to levy or execute on the writ, which was only issued on April 3, 2013. (Dkt. No. 36.)  To be sure, the contempt provision of the court's order directs defendants to transfer possession of the Equipment to plaintiff and cautions defendants that failure to do so may result in a finding of contempt.  But this provision must necessarily be read in context with the rest of the order.[2]  The provision provides additional teeth to the writ of possession, and essentially warns defendants that they may be held in contempt of court if they fail to cooperate with transfer of the property in accordance with the court's order.  Plaintiff does not suggest that the sheriff attempted to levy or execute the writ, and that the defendant obstructed such efforts, hid the property, etc.  Indeed, as noted above, plaintiff has not yet levied or executed on the writ.  As such, the court finds it premature to consider potential contempt sanctions at this juncture.  Plaintiff should first be required to levy on or execute the writ.

Furthermore, although plaintiff argues that it is losing rental income on the property every day that defendants are improperly retaining the property, this argument does not presently militate in favor of contempt sanctions, let alone on an expedited basis.  Assuming that defendants have not posted the required undertaking, plaintiff remains free to levy on the writ of possession immediately.

Therefore, the court denies plaintiff's motion without prejudice, subject to refiling if appropriate.  Furthermore, defendants are cautioned that failure to cooperate with levy or execution on the writ may result in the imposition of appropriate sanctions.

////

////

---

[2] In its briefing, plaintiff also suggests that defendants would be required to turn over the property pursuant to the court's order even if they posted the required undertaking, because the undertaking merely prevents levy of the writ and does not relieve defendants of their obligation to otherwise voluntarily transfer the property. (Dkt. No. 37-1 at 3.) That makes no sense, because in that case defendants would have little reason to post the undertaking.

CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. The May 2, 2013 hearing on plaintiff's motion for an order to show cause is VACATED.

2. Plaintiff's motion for an order to show cause (dkt. no. 37) and the accompanying ex parte application for a hearing on shortened time (dkt. no. 39) are DENIED WITHOUT PREJUDICE.

3. Defendants are cautioned that failure to cooperate with levy or execution on the writ may result in the imposition of any appropriate sanctions.

IT IS SO ORDERED.

DATED: April 4, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE