IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

4WALL LAS VEGAS, INC.,

    Plaintiff,                                No. 2:12-cv-2746-KJN

    vs.

MARK TRIEBWASSER, dba STAGE 1, INC., et al.,

    Defendants.                          <u>ORDER</u>

        On June 25, 2013, counsel for defendants and counterclaimants Mark Triebwasser and Stage 1, Inc., Nicholas Yonano, filed a "Substitution of Attorney" on California Judicial Council Form MC-050, signed by Mr. Yonano and Mr. Triebwasser as president of Stage 1, Inc. (ECF Nos. 60, 60-1.)[1] However, upon closer inspection, it appears that no new attorney is proposed to be substituted for Mr. Yonano, but that the proposed substitution would in fact leave defendants and counterclaimants to proceed in this action without counsel.

        Mr. Yonano's purported substitution fails to comply with Local Rule 182, which states, in part, that:

---

[1] All parties consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c) (ECF Nos. 8, 25, 26), and the action was referred to the undersigned for all further proceedings and entry of final judgment. (ECF No. 27.)

1

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. L.R. 182(d). Even in cases where another attorney is proposed to be substituted for the withdrawing attorney, court approval is nonetheless required. E.D. Cal. L.R. 182(g).

Here, Mr. Yonano's purported substitution, which really amounts to a notice of withdrawal of counsel, fails to seek approval of the court in accordance with Local Rule 182. As such, it is procedurally deficient. Even if the filing of an approved California state judicial form would be sufficient to obtain the relief sought in state court, Mr. Yonano must comply with the Federal Rules of Civil Procedure and this court's Local Rules when proceeding in federal court.[2]

Moreover, the proposed withdrawal could have a significant prejudicial effect on defendant Stage 1, Inc., because a corporation is not permitted to proceed without counsel in federal court. E.D. Cal. L.R. 183(a) ("A corporation or other entity may appear only by an attorney."); Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) (holding that corporations, partnerships, or associations may not appear in federal court otherwise than through a licensed attorney). Thus, if Mr. Yonano were permitted to withdraw, leaving defendant Stage 1, Inc. without counsel, this could potentially lead to the striking of defendant Stage 1, Inc.'s answer and counterclaims, and the entry of default against defendant Stage 1, Inc. Although Mr.

---

[2] Curiously, the California Judicial Council form MC-050 filed by Mr. Yonano states that corporations are not allowed to represent themselves in most cases, and that the form may only be used by a corporation to substitute one attorney for another attorney. (ECF No. 60-1.) This suggests that the filing of such a form would have been improper even in a California state court, at least with respect to defendant Stage 1, Inc.

1  Triebwasser, as president of Stage 1, Inc., signed Mr. Yonano's purported substitution, the court
2  is not satisfied that defendant Stage 1, Inc. has a sufficient understanding of the potential impact
3  of withdrawal in this case.  Additionally, the other parties to the litigation should also be
4  provided an opportunity to oppose withdrawal of counsel if they intend to do so.

5        In light of the above, IT IS HEREBY ORDERED that:

6        1.  Mr. Yonano's purported Substitution of Attorney (ECF Nos. 60, 60-1) is
7  STRICKEN for failure to comply with Local Rule 182(d) and has no effect in this case.

8        2.  If Mr. Yonano wishes to withdraw as counsel for defendants and
9  counterclaimants, he shall comply with the requirements of Local Rule 182(d), including the
10 requirement of filing a properly noticed motion with the court.  Mr. Yonano is cautioned that his
11 duties as attorney of record, which include attendance at all settlement conferences, hearings, and
12 other proceedings, shall continue until he is relieved from his duties as counsel by an order of the
13 court.

14       IT IS SO ORDERED.

15 DATED:  June 26, 2013

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE