UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 4WALL LAS VEGAS, INC., | No.  2:12-cv-2746-KJN |
| Plaintiff, | |
| v. | ORDER |
| MARK TRIEBWASSER, et al., | |
| Defendants. | |

INTRODUCTION

By this order, the court lifts the stay of all proceedings in this case, and denies defendants'/judgment debtors' claim of exemption as to the $1,325.58 in funds at Union Bank of California levied upon by plaintiffs.[1]

BACKGROUND

On October 17, 2013, this court entered a stipulated judgment in favor of plaintiff 4Wall Las Vegas, Inc. and counterdefendants Michael Cannon and 4Wall Enterprises, Inc. (collectively, "plaintiffs") and against defendants Mark Triebwasser and Stage 1, Inc. (collectively, "defendants"). (ECF Nos. 78, 79.)  The stipulated judgment included the following provisions:

---

[1] All parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (ECF Nos. 8, 25, 26), and the action was referred to the undersigned for all further proceedings and entry of final judgment. (ECF No. 27.)

1

1. In accordance with the parties' August 16, 2013 Settlement Agreement, judgment shall be entered against Defendants jointly and severally and in favor of Plaintiffs. The amount of the judgment shall be $104,678.04 ($111,678.04 minus $7,000.00, the sum of all payments previously made by Defendants to Plaintiffs pursuant to Section 2 of the Settlement Agreement), plus interests thereafter at the applicable legal post-judgment rate.

2. Defendants shall be found in civil contempt of court for failing to return the Equipment (as defined in the Court's March 8, 2013 Order [Dck. No. 33]) as required by the Court's March 8 Order, and for failing to cooperate with 4Wall in 4Wall's attempt to execute the writ of possession as required by the Court's April 5, 2013 Order [Dck. No. 41]. Defendants hereby admit to violating the Court's March 8 Order and April 5 Order as set forth in this Paragraph 2. Furthermore, Defendants hereby consent and agree to the finding of civil contempt described in this Paragraph 2, and hereby represent and warrant that a factual basis for such finding exists, and hereby waive any and all objections, challenges and/or defenses to such finding of civil contempt.

3. No later than seven days after entry of this Stipulated Judgment, Defendants shall return to 4Wall at 4Wall's Nevada place of business the Retained Equipment as identified in Exhibit A to the parties' Settlement Agreement. Defendants' failure to timely return the Retained Equipment as required by this Stipulated Judgment shall subject Defendants to a finding of civil contempt of court.

4. Other than as specified in the Settlement Agreement, the parties each shall bear their own attorneys' fees and costs incurred in connection with the filing and entry of this Stipulated Judgment.

5. Each of the signatories to this Stipulated Judgment represents that he or she has the full power and authority (without further approval or consent) to enter into this Stipulated Judgment and to bind the parties as set forth herein.

(ECF No. 78 at 2-3.) Additionally, on November 12, 2013, the Clerk of Court issued plaintiffs with a writ of execution of a money judgment. (ECF No. 82.)

Thereafter, on January 13, 2014, plaintiffs filed two California Judicial Council forms – a "Notice of Opposition to Claim of Exemption" and a "Notice of Hearing on Claim of Exemption." (ECF Nos. 83, 84.) Although the forms were not accompanied by any briefing or significant background facts, it appeared that plaintiffs had levied on a certain bank account(s) owned by defendants/judgment debtors, that defendants/judgment debtors had filed a claim of exemption of the bank account(s), and that plaintiffs sought a court determination on the claim of exemption. Plaintiffs noticed a hearing on the matter for January 30, 2014. (ECF No. 84.)

Because the court desired further briefing on the matter, the court issued an order on January 16, 2014, continuing the hearing on the claim of exemption to February 13, 2014, and requiring plaintiffs to file supplemental briefing no later than January 23, 2014. (ECF No. 85.) Defendants/judgment debtors were permitted to file a written response to plaintiffs' brief no later than February 6, 2014. (Id.) The court further directed plaintiffs to promptly provide notice of the court's order and the rescheduled hearing to all appropriate parties, and also ordered the Clerk of Court to serve a copy of the order on defendants/judgment debtors at their address of record. (Id.)

Subsequently, on January 23, 2014, plaintiffs filed a brief, accompanying declaration, and proposed order in compliance with the court's order. (ECF Nos. 87-89.) Plaintiffs indicated that defendants had yet to return the Retained Equipment as identified in Exhibit A to the parties' Settlement Agreement, and had ignored several communications from plaintiffs after entry of the Stipulated Judgment concerning defendants' failure to return the Retained Equipment, as well as their failure to insure the Retained Equipment as required by the Settlement Agreement. (See Declaration of Henry M. Burgoyne, ECF No. 88 ["Burgoyne Decl."] ¶¶ 2-3, Exs. A-E.) After issuance of the November 12, 2013 writ of execution, plaintiffs, through the U.S. Marshal, served memoranda of garnishee on Union Bank of California as to all accounts in the name of either Mark Triebwasser or Stage 1, Inc. (Id. ¶ 4, Exs. F-G.) Around January 6, 2014, plaintiffs' counsel learned that Union Bank had located $1,325.58 in an account pertaining to "Mark Triebwasser Performance," apparently an unofficial and unregistered "dba" of Mr. Triebwasser. (Id. ¶¶ 5-6, Exs. H-I.) Plaintiffs' counsel also simultaneously received a claim of exemption by defendants/judgment debtors, which was dated December 19, 2013. (Id. ¶ 6, Ex. J; ECF No. 90.)[2] It was this claim of exemption to which plaintiffs filed an opposition and a notice of hearing on January 13, 2014, as noted above. (ECF No. 83, 84.)

Plaintiffs' supplemental briefing addressed defendants/judgment debtors' claim of exemption in greater detail, including plaintiffs' arguments for why the claim of exemption is not

---

[2] The U.S. Marshal also filed the original claim of exemption with the court on January 28, 2014. (ECF No. 90.)

valid based on applicable law.  (ECF No. 87.)  Defendants/judgment debtors failed to file a written response to plaintiffs' brief or any other filing in support of their claim of exemption.

At the February 13, 2014 hearing, Hank Burgoyne appeared on behalf of plaintiffs and defendants failed to appear.  Although the court was prepared to rule on the claim of exemption at that time, plaintiffs' counsel advised the court that defendant Mark Triebwasser had filed a Chapter 13 bankruptcy petition.  As such, the court stayed all proceedings in the case until lifting of the applicable bankruptcy stay.  The court further directed the parties, upon the lifting of the bankruptcy stay, to forthwith file a status report advising the court of the lifting of the stay and indicating what further proceedings are necessary or need to be renewed.  (ECF No. 92.)

Thereafter, on May 1, 2014, plaintiffs filed a notice indicating that defendant Triebwasser's bankruptcy case had been dismissed, and on May 7, 2014, plaintiffs filed a status report, requesting that the court lift the stay imposed in this case and adjudicate defendants'/judgment debtors' claim of exemption.  (ECF Nos. 94, 97.)

DISCUSSION

Lifting of the Stay

The documentation from the bankruptcy court attached to plaintiffs' status report shows that defendant Triebwasser's Chapter 13 bankruptcy case was dismissed on April 24, 2014, based on unreasonable delay prejudicial to the creditors and failure to file certain documents.  (ECF No. 97-1.)  In light of the dismissal of defendant Triebwasser's bankruptcy case, which was the basis for staying this action, the court now lifts the stay of this action and proceeds to consider defendants'/judgment debtors' claim of exemption.

Claim of Exemption

Plaintiffs' status report also attaches a May 6, 2014 e-mail from defendant Triebwasser to plaintiffs' counsel, indicating that defendants have no further plans to pursue the claim of exemption, and would be willing to cooperate to expedite transfer of the levied funds to plaintiffs.  (ECF No. 97-2.)  Thus, it appears that defendants/judgment debtors have withdrawn their claim of exemption.  Nevertheless, even if the claim of exemption has not been withdrawn, the court concludes that it should be denied on the merits.

1    Federal Rule of Civil Procedure 69 provides, in part, that "[a] money judgment is enforced
2 by a writ of execution, unless the court directs otherwise. The procedure on execution – and in
3 proceedings supplementary to and in aid of judgment or execution – must accord with the
4 procedure of the state where the court is located, but a federal statute governs to the extent it
5 applies." As California state courts have explained:

> California has enacted a comprehensive and precisely detailed
> scheme governing enforcement of money judgments. The kinds
> and degrees of property exempt from levy are described in sections
> 704.010 through 704.210 [of the California Code of Civil
> Procedure]. These provisions relate to property of the debtor that
> would ordinarily be subject to enforcement of a money judgment by
> execution or otherwise, but for the statute allowing the debtor to
> retain all or part of it to protect himself and his family. These
> exemptions are wholly statutory and cannot be enlarged by the
> courts.

Kono v. Meeker, 196 Cal. App. 4th 81, 86 (2011) (internal citations and quotation marks omitted). Section 703.520 of the California Code of Civil Procedure outlines the requirements for the contents and filing of a claim of exemption. A claim of exemption must be filed with the levying officer "within 10 days after the date the notice of levy on the property claimed to be exempt was served on the judgment debtor" and must include, *inter alia*, the statutory provision upon which the claim of exemption is based and a "statement of the facts necessary to support the claim." Cal. Civ. Proc. Code § 703.520(a), (b)(5)-(6). Generally, claims that are not made "within the time and in the manner prescribed" are waived. Cal. Civ. Proc. Code § 703.030(a). The exemption claimant has the burden of proof. Cal. Civ. Proc. Code § 703.580(b).

In this case, defendants'/judgment debtors' claim of exemption is clearly deficient. The claim merely asserts, in conclusory fashion, that "my 3 checking accounts" are exempt; fails to specify the statutory provision under which the accounts are claimed to be exempt; and fails to set forth any facts in support of the claim of exemption. (ECF No. 90 at 2.)

Furthermore, to the extent that defendants/judgment debtors may have claimed that the money is exempt "pursuant to a provision exempting property to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor," see Cal. Civ. Proc. Code § 703.530(a), such a claim is belied by the financial statement submitted along

5

with the claim of exemption. (ECF No. 90 at 3-4.) That financial statement shows that Mr. Triebwasser has no spouse or dependents, and that his total monthly income of $2,000.00 (after withholding taxes) exceeds his total monthly expenses of $1,625.00 by $375.00. (Id.)

Additionally, although Mr. Triebwasser may claim that the funds in question belong not to him, but instead to a separate entity called "Mark Triebwasser Performance," plaintiffs' counsel submitted a declaration indicating that a search of the records of the California Secretary of State and Sacramento County found no reference to any business named, or fictitiously named, "Mark Triebwasser Performance." (Burgoyne Decl. ¶ 7.) Thus, as plaintiffs contend, "Mark Triebwasser Performance" is apparently an unofficial and unregistered "dba" of Mr. Triebwasser himself. In any event, although given a reasonable opportunity to do so before the case was stayed, defendants/judgment debtors did not file a response opposing plaintiffs' contentions or submit any controverting evidence.

Therefore, because defendants'/judgment debtors' claim of exemption is deficient, and the time to file a proper claim of exemption has long passed, the court finds that the property is not exempt and may be applied to satisfaction of the Stipulated Judgment.

CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. The stay of this action imposed on February 13, 2014 is lifted.
2. Defendants'/judgment debtors' claim of exemption as to the $1,325.58 in funds at Union Bank of California levied upon by plaintiffs is denied.
3. The funds shall be delivered by Union Bank of California to the U.S. Marshal, or other appropriate levying officer, and thereafter applied toward satisfaction of the Stipulated Judgment in this matter, in accordance with applicable law.
4. The Clerk of Court shall serve a copy of this order on the U.S. Marshal.
5. This order disposes of ECF Nos. 83 and 84.

IT IS SO ORDERED.

Dated: May 8, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE